## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**ALLISON M. HALL,**
**et al.,**

        **Plaintiffs,**        **CIVIL ACTION NO. 07-CV-15155-DT**

  **VS.**             **DISTRICT JUDGE LAWRENCE P. ZATKOFF**

**REDLINE RECOVERY**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SERVS., LLC,**
        **Defendant.**

_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO COMPEL

This matter comes before the Court on Plaintiffs' Motion to Compel More Complete Answers to Request for Production of Documents which was filed on August 4, 2008. (Docket no. 19). Defendant has responded. (Docket no. 21). This matter has been referred to the undersigned for decision. (Docket no. 20). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

Plaintiffs served 14 Requests for the Production of Documents on Defendant on May 14, 2008. (Docket no. 19 ex. 1). Defendant responded on June 17, 2008 by stating that responsive documents may be inspected at counsel's office for request numbers 1, 2, 3, and 12; that it had no responsive documents in its possession for request numbers 6, 9, 10, and 13; that it would provide documents pursuant to a protective order for request numbers 4 and 11; and that it objected to request numbers 5, 7, and 8. (*Id.*). Request number 14 pertains to trial exhibits which Defendant had not prepared. Apparently no protective order was entered, and the documents responsive to request numbers 4 and 11 have not been produced. In addition, Plaintiffs have not disputed

Defendant's statement that Plaintiffs have not requested to inspect the documents at counsel's office. (Docket no. 21 at 5).

The Court's scheduling order in this action set the close of discovery for June 16, 2008. (Docket no. 11). That Order provides that "ALL DISCOVERY SHALL BE INITIATED WELL IN ADVANCE OF THE DISCOVERY CUT-OFF DATE. MOTIONS TO COMPEL, IF NECESSARY, MUST BE **FILED AND HEARD** BEFORE THE DISCOVERY CUT-OFF DATE." (*Id*. at 2 (emphasis in original)).

Plaintiffs contend that Defendant's responses are "incomplete" and move for "complete" responses to the "outstanding discovery requests." (Docket no. 19 at 2). They argue that Defendant failed to timely respond to their Requests and therefore waived any objections. Defendant argues that Plaintiffs' Motion to Compel should be denied because it is untimely and because Defendant has properly responded to all of Plaintiffs' Requests to Produce Documents. (Docket no. 21).

Pursuant to Fed. R. Civ. P. 37, the Court has broad discretion to make such orders as are just to redress discovery abuse. *Concrete Materials Corp. v. C.J. Mahan Constr. Co.*, 110 F.3d 63 (6th Cir. Mar. 28, 1997) (unpublished).

Defendant's argument that Plaintiffs filed this Motion to Compel after the deadline set by the Scheduling Order has merit. The Scheduling Order was entered on March 5, 2008 and requires discovery to be completed by June 16, 2008. (Docket no. 11). Moreover, the Order requires that motions to compel be filed sufficiently in advance of the discovery cut-off date that the motion may be heard before the discovery cut-off date. (*Id*.). Plaintiffs' Motion to Compel was filed on August 4, 2008, about a month and a half after the deadline in the Scheduling Order. Plaintiffs surely knew that a motion to compel based on a discovery request served on May 14, 2008, for which Defendant

had 30 days to respond under Fed. R. Civ. P. 34(b)(2)(A), could not be heard by June 16, 2008, the deadline set by the Scheduling Order.[1] Plaintiffs fail to give any reason why they did not serve their discovery request sufficiently in advance of the deadline to allow for the filing and hearing of a motion to compel based on that discovery request. Plaintiffs' Motion to Compel was not timely filed.

In addition to being untimely filed, Plaintiffs' Motion to Compel does not state specifically which responses are "incomplete." Based on Plaintiffs' waiver of objections argument, the three Requests to which Defendant objected would apparently be included as an "incomplete" response. However, Defendant responded to the remaining Requests, and Plaintiffs fail to specifically argue how those responses are incomplete. If, as Defendant states, Plaintiffs have not requested to view the responsive documents for Request numbers 1, 2, 3, and 12, this Court is at a loss to understand how Plaintiffs could contend that those responses are incomplete. Plaintiffs' vague request for relief, lack of discussion of the alleged defects of Defendant's responses, and tardiness of the filing of the Motion, require denial of Plaintiff's Motion.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (docket no. 19) is **DENIED.**

---

[1] Defendant's response to Plaintiffs' Requests to Produce was served at least one day past the deadline for responding set by Fed. R. Civ. P. 34. However, even if Defendant had timely responded, an insufficient amount of time would have remained for Plaintiffs to file a motion to compel and have it heard before the June 16, 2008 deadline.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this

Order within which to file any written appeal to the District Judge as may be permissible under 28

U.S.C. 636(b)(1).


Dated: September 02, 2008                    s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE




**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record
on this date.

Dated: September 02, 2008                    s/ Lisa C. Bartlett
                                             Courtroom Deputy